Our next case on the Call of the Diagonal is Agenda No. 16, Case No. 113419, EMC Mortgage Corporation Appellee v. Barbara J. Kemp. Appellant. Counsel for the Appellant, please proceed. Mr. Chief Justice, may it please the Court. My name is David Wentz. I'm attorney for the Appellant, Barbara J. Kemp, in the case of EMC Mortgage Corporation v. Kemp. This is an appeal from the Second District Appellate Court. EMC Mortgage has placed a number of procedural roadblocks in front of the Second District and also in front of the Supreme Court as to why we should not address the ultimate merits of our defense. After denying our motion to reconsider our 214.01 motion before the trial court, the Honorable Judge Robert Gibson stated that the motion laid out many issues which are ripe for both Appellate and Supreme Court review and expressly authorized a final order authorizing 304A language in both the motion to seek the approval and also then seek reconsideration. If we're ever able to reach the merits of our defenses that we've raised, we feel this would be a case of first oppression in Illinois. As the Second District, however, ruled that since Kemp's appeal was not from a final judgment or was not a proper 304A ruling, they dismissed our appeal for lack of jurisdiction. However, should this Court ultimately decide to reverse the Second District Court and confer Appellate jurisdiction, the substantive question which we're asking this Court to decide, the issue really would be perhaps something for the first time ever heard before this Court, is whether a lender can file a complaint to foreclose a mortgage seven months before it possessed any apparent ownership interest, as admitted by EMC in its own affidavits. We submit that based upon an extension of the Illinois case of Bayview Loan Service versus Nelson case and a comprehensive analysis which we've laid out of cases in Ohio, in Michigan and New York, that this Court should direct a finding that EMC's judgment should be vacated and the case dismissed because EMC did not have proper standing at the time that it filed the initial lawsuit back in July of 2006, as the note and mortgage were not assigned to EMC until six months after it filed suit. Now contrary to... Can the issue of standing be forfeited? It can be, but it also can be raised on the Court's own ruling sua sponte. I think in this case, one of the questions we've raised is this could be a void order and that it could be attacked at any time. One of the questions that was raised in the EMC's brief that we want to address initially was whether or not if we ultimately get to the issue of standing, that this was essentially what they claimed a note that was endorsed in blank and could be assigned to any other entity. What we've identified by looking at the brief by counsel for EMC is that the record specifically notes that the promissory note at C-965 was not endorsed in blank, but was instead endorsed by pay to the order of Mirabella Mortgage LLC without recourse by the treasurer of Mirabella Mortgage LLC. As such, the negotiable instrument analysis that they laid out in their brief would not apply as a note in question constitutes a special endorsement and would not be negotiated by transfer of possession alone. May I direct you back to the procedural issues before we talk about the merits? Okay. You raised a number of ideas here. You just talked about void judgment, and I do think we need to be really clear about what we're talking about here. The petition that you filed was a 214-01, correct? Correct. Yes. And a 214-01 is a petition to attack a final judgment, correct? It can be, yes. Okay. So then the next question is, was there a final judgment? Was this the appropriate device to attack a final judgment? Was there a final judgment in this case? I guess first off, let me start by saying 214-01, when I say it can be, it also allows for one to attack a void order, which we've also raised as an argument that the lack of standing makes it a void judgment. I think that the question of whether or not we could bring this as simply a 214-01 motion, we're asking essentially one of our arguments was not to look at the labels that we've cast this in, but look at the substance of our arguments. When we addressed this question to the trial court, the trial court expressly agreed to confer 304-A findings that these issues are right for approval. The problem with that is if this is really a 214-01, 304-A means nothing. Since 304-B, the 1401 is immediately reviewable under 304-B. So there's a disconnect there to begin with. So I'm back to saying that the method that you chose to attack the foreclosure judgment was, we have to figure out what that is. Okay. And so my question goes back to are you trying to attack a final judgment? Well, at the point when the case was brought to the trial court in our motion, that's the dilemma that we have here, Your Honor, is that essentially waiting until we reach a summary disposition of the sheriff's sale and distribution of proceeds, oftentimes in these types of cases, may be oftentimes too late for a litigant with a meritorious defense. What we're trying to do is present a substantive defense, that the party that filed suit should have waited until it owned title to that mortgage. And we're trying to figure out what's the best way to raise that. Right. So we know that in the marriage of Verdung, this court talked about the fact that it was a marriage case, it was not a mortgage foreclosure case. But this court talked about how in that situation, the orders that the court had entered were not appealable until after there was a sale in the marriage case and then analogized that to a mortgage foreclosure case. So we've developed this law that after foreclosure, there can't be an appeal unless there's 304A language, right? Right. So during the pendency of this kind of case, doesn't 304A tell us that if the court does not enter that kind of language, then the judgment is subject to revision at any time? Our position is it is subject to revision at any time in specific settings where a court provides prefatory 304A language at the end of a hearing. Now, granted, as counsel had noted, the judgment order that was entered approximately a year before that did not provide for 304A language. And so was it modifiable at any time? It could have been, but at the point when Justice Gibson denied our motion to reconsider, in our position, then it became a final order. That would then be the proper time to do that, in part because under 304B3, which states an appeal may be taken from a judgment or order granting or denying any relief paid for in a 1401 petition. Now, we're not asking the court to determine whether it's a proper 2401 petition at that time. It's just that that petition was denied. And upon denial, the 304B3 allows for the court to confer appellate jurisdiction on that basis alone. Isn't the final judgment in a mortgage foreclosure case the order confirming the sale? It is. Was there such an order entered in this case? That was not ordered in this case. This appeal was taken up. I don't understand the basis in part. What is the final order that you point to that would allow 304 or 21401? It was a point in time where we raised a motion to vacate the judgment order that was denied upon a motion to reconsider. And at that point, the trial court judge granted us 304A language. On the 21401 petition denial, right? It was also a denial of a 2619A9 motion that was up for reconsideration. If you really need in a mortgage foreclosure case an order confirming the sale as a final order, then what would prevent you from returning to the circuit court to reconsider, I think, June 2nd order in light of your standing and assignment issue? Well, I guess that's the question. It's one of judicial economy, Your Honor. We are addressing this issue now. And if it's something where the final order following the disposition and proceed to the sale go through, oftentimes the mortgage defendant litigant is out on the street. So your basis for coming here now is judicial economy? Correct. That's what I was about to say. Are you making an argument that the 304A language made this a final order? I'm saying that the 304A language conferred appellate jurisdiction. Now, does that create a final order? In other settings, it does. Our brief cites a case of Coffin v. Schroeder, a Supreme Court case that allowed a 304A finding on a motion to reconsider an order. There was also another case we cited where an order denying a motion to vacate a prior order  And in our case, we're asking that those considerations of an expanded view of 304A be extended beyond just their immediate cases but into foreclosure cases as well. One of the other – You've also argued that this, from your perspective, is an attack on avoid judgment, right? Correct. And that's based on the lack of standing? Correct. You earlier indicated, in response to a question by Justice Garmon, that standing can be waived, right? It can be waived, but in our position – So it's really an affirmative defense that's waived if not asserted, right? But we've stated we've asserted it. We've asserted it from the outset in denying various allegations made in their complaint. We've also asserted it in our motions we presented to the trial court, and we've asserted it at both levels of appeals. And where did you assert it again? We asserted the question of standing, I believe it was in a motion to vacate the judgment and then also in a motion to reconsider the judgment that was in October of 2010 and November of 2010. So it was asserted after the judgment was entered? Correct. So not as an affirmative defense? Not as an affirmative defense. That was the first time it was specifically argued, but the allegations pertinent to the lender's standing, as alleged I believe in paragraph four of their complaint, were denied each time this matter came forward for an answer. And again, this is a case sometimes when we step in after pro se litigants look through this, this becomes something where we take these types of situations as they appear. I think one of the arguments I think the Court is looking at now is whether or not we waived or forfeited our right to challenge standing. We've distinguished this case from a case of Merz v. Barnes, which involved a question of whether or not a complaint that was a default judgment was entered and then the defendant later raised an issue of standing after that default. We find that as distinguishable in part because we had a denial of every material element there in our answers and did answer the case and thus would be distinguished from that specific case. We do say that this is a situation where ruling that the 304A language perhaps is a nullity and doesn't confer jurisdiction doesn't end the inquiry. What we're essentially saying is that the appellant may ultimately have a right to appellate review on this issue again if we simply wait until the sheriff's sale. However, as I had stated, in the interest of judicial economy, we're asking an opportunity to seek judicial review of that issue now and by doing so within two years of the entry of the judgment order, but before the judgment, before the order confirming the sale, we're essentially asking if the Court, this Court, could reverse the finding of the second district which found no jurisdiction. There was a blank endorsement on the note in this case. No, it was not. It's not a blank endorsement. No. As I stated in my record, we did not address this in our appeal, but the endorsement was actually signed by the initial mortgagee. And our position is that that became a special endorsement and not a blank endorsement. Under the UCC, that doesn't make that note bearer paper. If it would not have been signed, it would have been automatically transferable without having anything other than delivery. But our position is that becomes a special endorsement. And as I cited in my argument, that is actually contrary to what's alleged by the appellee. If we should find that it was bearer paper, wouldn't you still lose under Section 3205 and Section 3301? Well, the question then becomes one of delivery. If counsel's argument is correct, that then the note becomes effective upon the recipient based upon when delivery has occurred, the natural fact question, which perhaps could be seen for review or remand, would be when was that note then delivered. By EMC's own affidavits, they allege that the interest in this note in mortgage did not become conferred until December of 2006 or January of 2007, which is six months after they filed the lawsuit, the complaint for foreclosure. So it's an argument that perhaps could use further review on remand. Thank you. Thank you. Counsel for the appellee. Good morning, Your Honors. May it please the Court. My name is Edward Lesniak, and together with my law partner, Susan Horner, who could not be here today, I represent EMC Mortgage Corporation. A reviewing court has a duty to consider its jurisdiction and to dismiss an appeal if it determines that jurisdiction is wanting, and that is exactly what the Second District Appellate Court did in this case. And it did it correctly because there was no final order entered in the trial court in this case. Now, the appellee makes several arguments to try to impose jurisdiction on the appellate court in order to consider the circuit court's orders denying her motion to vacate and denying the motion for reconsideration. But the arguments are all flawed, and they're all flawed for the same reason. There was no final order in the trial court. Now, first let's consider Rule 301. There can be no jurisdiction under Rule 301 because there was no final order in the case. It's well established, Verdun, the Fankhauser case, that in a foreclosure action, the final order in a case is the order approving the sale and providing for the distribution of the sales proceeds. Now, there can be, Section 304, a language in a foreclosure judgment. Can I ask you a question about that? Yes. 304A, of course, deals with judgments in which as to fewer than all parties or claims and states that if multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims. And so my understanding of 304 is that it's only appropriate when the court in its discretion chooses to allow a final judgment to be appealable. That is correct, Your Honor. And it also, as you point out, applies in the case of multiple parties and multiple claims. Mr. Antini had already been dismissed in this case by the time the orders, the motion for reconsideration came up. And also, I believe, before the judgment was entered. So there were no multiple parties. There were only two parties, EMC and Ms. Kemp. There were no multiple claims. There was only the foreclosure claim. Well, that's not my question. The cases do say that a judgment on foreclosure could be appealable if 304A language was given. Is that right? Yes, that is correct, Your Honor. So how can that be? Well, Your Honor, there can be complicated. Let me say this. You think there's only one claim? Because that's the language of 304A. Is there only one claim in a mortgage foreclosure case? Yes, there is in this particular case. But from experience, I can tell you that there are foreclosure cases where there are multiple claims and multiple parties who may be involved. And it is possible to deal with one claim at a time or to obtain, for example, partial summary judgment dealing with perhaps a mechanic's lien claim or a memorandum of judgment. So it is possible to have a situation in a foreclosure case where there could be a particular claim that involved one of multiple parties, one of multiple claims or multiple issues that could conceivably be appealable. But here the judgment of foreclosure is a claim and the sale is a second claim, a separate claim? No, it's all part of the same process, Your Honor. The foreclosure process goes in steps, and it's a judgment first, then it's a sale, then it's an order approving the sale or a request to approve the sale, which hopefully results in an order approving the sale. But, counsel, just to follow up, those are separate judgments, are they not? I mean, a judgment is actually entered on both of those, the foreclosure and the sale. An order is entered, Your Honor. I've never seen it called a judgment on the order approving sale. The judgment of foreclosure contemplates a sale, and then the statute requires that after that sale, the foreclosure statute requires that after that sale occurs the court has to consider whether or not the sale was conducted properly, whether notice was given, whether justice was done. There are a number of requirements for the court to take into consideration in approving the sale. And 304A applies to judgments as well as orders. Is that correct? Well, yes, Your Honor. And in the case of the foreclosure, I don't think 304A would apply after the order approving the sale because under a case law, the Verdung and the Frank Coucher case, that does become your final order. So you don't need 304A language at that point. Sure. But I would agree it applies to orders. It could apply, for example, to a motion to a grantee of a motion to dismiss, where there are multiple claims and multiple parties where the court can say, I'll let that case go, that particular claim go up. In your experience, Counsel, have you seen cases in which the judgment, the foreclosure judgment, that there's 304A language given to that making that piece appealable and therefore somehow staying the rest of the case? In my experience, Your Honor, the answer is no. And my understanding is that it's extremely difficult to ever obtain. I believe that as a general rule in the circuit court of Cook County, you cannot obtain 304A language. And I have seen situations where counsel has tried to sneak it in and the courts have stricken it. So it's a very difficult thing to obtain in a straightforward residential mortgage foreclosure case. The second point that the appellant makes is jurisdiction under Rule 304B3, which provides for the appealability of a ruling granting or denying a Section 214.01 petition. Section 214.01 petitions, as Justice Thies pointed out, can only challenge final orders more than 30 days, entered more than 30 days prior. As already noted, there was no final order in the form of the order approving sale. Thus, the motions to vacate the judgment that was denied in October 5, 2010, that was labeled a 214.01 petition could not be a 214.01 petition because there simply was no final order. You can call it what you want, but the label should not control.  So there could not be a 214.01 motion in this case because there was no final order. Now, the appellee argues that it doesn't matter what it's called because a void order can be challenged in any court at any time. Well, there may be some merit to that substantively, but certainly not procedurally. A court that lacks jurisdiction has no power to vacate any order, void or otherwise. Without jurisdiction, any order entered by an appellate court would be as void as the order sought to be vacated. And, in fact, there was no void order entered in this case. The Sarkeesian case tells us that an order is void if the court lacks personal jurisdiction or subject matter jurisdiction. Neither of those is present here. The defendant was served, appeared, participated in the proceedings. There's no question of personal jurisdiction, and the subject matter of a foreclosure case is clearly proper for the trial court to consider. I also point out that the question of an affirmative defense of standing is clearly waived if not raised early in the case. That's longstanding law in Illinois, and it was not raised here. In fact, on the contrary, in connection with the counterclaims that were considered in the case, the appellate was actually arguing that EMC was involved in the closing and submitted an affidavit that it was her understanding that to support her contention that EMC took an assignment of the note early on in the case. And lastly, getting back to 304A language, there is an additional point I would like to make. 304A language is not a magic wand that confers jurisdiction on an appellate court. At the time the 304A finding was made, there was no final order entered in the case. So I respectfully suggest that it would be a bad policy to allow for 304A language to automatically confer jurisdiction on a reviewing court. The reviewing court has the obligation to determine its jurisdiction, to examine its jurisdiction, and to me it would be turning things on its head if a reviewing court like the appellate court was obligated to take a case simply because a trial court incorrectly made a 304A finding. Now as for the substance of the standing argument, it's well established that the argument of standing is waived if not raised early on in the case. I would suggest that. But lastly, I would call your attention to the note. Justice Freeman, it is certainly a classic blank endorsement on that promissory note. That is the way it's always done. It says paid to the order of blank and then it's signed by Mirabella, which was the payee of the note and was the only party who would be authorized to make that endorsement. Once that endorsement is made in blank, the holder of the note is entitled to enforce it. An EMC came into court, it attached to its complaint a copy of the promissory note endorsed in blank. It had the right under Section 3301 of the Uniform Commercial Code to enforce that, even if it wasn't the owner. 3301 says even if you're not the owner or if you wrongly obtain the note, if it's endorsed in blank and you are the bearer, you're entitled to enforce it. So from my perspective, EMC established standing to bring the foreclosure case on day one. And that is how the standing issue should be resolved in the end. If there are no questions, I have nothing further. Thank you. Well, in light of counsel's comments, I'll try and be brief and try and summarize and respond to some of them. Counsel said that we waived the issue of standing by not bringing it early on. Again, we reiterate that our position all along is a waiver would be deemed by admission of an allegation and a complaint. If you look at the record, you look at the complaint, you'll see any time an issue was raised as to whether or not the EMC was the proper party in suit, that issue was specifically denied. It was denied at the answer stage, it was denied at the motion for summary judgment stage. And then with respect to the motion to dismiss our counterclaim, an issue was raised that was rebutted by EMC's own affidavits, which stated we did not own any interest in this note until December of 2006 at the earliest. It's hard for us to then look at that and say, well, that creates, doesn't it, at the very least create some kind of issue of fact over standing, much less a rebuttable presumption that this endorsement in blank perhaps is not valid because their own bank officers are saying we didn't own this note until several months later. We found that troubling and that's essentially what created the basis for us seeking that type of defense, albeit from a procedural standpoint, we'll admit that that was troubling. We understand that this, that the Rule 214.01 requires a final order to be entered, but we don't see it as a final order. We also understand that the cases cited following our brief, I think one of them was a case of Archer. Let me just grab it here. Washington Mutual v. Archer allowed for an appeal on a 214.01 in a mortgage foreclosure case before the sheriff's sale 304A finding was granted. Again, before the sheriff's sale, if this is a situation where we were to have no 304A language in this case, then it probably would not have, you know, we would not have invoked this court's or the appellate court's jurisdiction. But we also had cited 304B.3 as another basis for seeking review of the trial court's orders, which would be from a denial of a 214.01 motion. That's, again, what occurred here. We understand the procedural context of which this case comes as troubling, but we don't think that that should overcome this court's ability to look at this case and perhaps determine sui sponte whether or not these issues should be right for review by this court. Mr. Wentz, Mr. Lesniak, we thank you for your arguments today. Case number 113419, EMC Mortgage Corporation, Appalee v. Barbara J. Kemp, appellant is taken under advisement as agenda number 16.